IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TREA SENIOR CITIZENS LEAGUE ) <br> 1001 N. Fairfax Street, Suite 101 ) <br> Alexandria, Virginia  22314, ) <br> ) <br>       Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> UNITED STATES DEPARTMENT OF STATE ) <br> 515 22nd Street, N.W. ) <br> Washington, D.C.  20522-6001, ) <br> ) <br>       Defendant. ) | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for injunctive and other appropriate relief, to enjoin defendant from withholding from public disclosure certain records within its possession and control, and to order defendant to release those records that were duly requested by plaintiff and wrongfully denied by defendant.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B).

2

**Parties**

3. Plaintiff, TREA Senior Citizens League, which also operates as The Senior Citizens League ("TSCL"), is a nonprofit social welfare organization incorporated under the laws of Colorado, and is tax-exempt under section 501(c)(4) of the Internal Revenue Code of 1986. TSCL's activities include monitoring developments in the United States with respect to the interests of senior citizens and defending those interests before government, developing educational materials designed to explain to senior citizens their various rights as U.S. citizens, raising the level of public awareness of senior citizens' rights, conducting surveys and polls, and publishing and distributing informational newsletters to members, supporters, and the public.

4. Defendant, the United States Department of State ("State Department"), is a department of the Executive Branch of the United States Government. The State Department is an agency within the meaning of 5 U.S.C. § 552(f), established by statute and charged with responsibility for, *inter alia*, assisting in the conduct of relations between the United States and foreign governments, including negotiations, agreements and treaties. Defendant State Department has possession of and control over the records, memoranda, reports, documents, publications and similar papers and files sought by plaintiff in this action.

**The U.S./Mexico Social Security Totalization Agreement**

5. Plaintiff educates the public with respect to certain government policies and practices affecting the United States Social Security program, including the policies and procedures by which the United States enters into Social Security totalization agreements with

3

other nations, as well as the impact of such agreements on the United States Social Security benefit program and its Trust Funds.

6. During the approximate period 2001-2004, the United States Commissioner of Social Security and the Director General of the Mexican Social Security Institute were involved in negotiating a totalization agreement between their respective countries (hereinafter "the U.S./Mexico Social Security Totalization Agreement" or "the totalization agreement"), and such an agreement has been signed by both nations, but it has not become effective because certain necessary approvals have not been obtained. Plaintiff believes that defendant possesses numerous documents relative to the totalization agreement that should be disclosed under FOIA, and has lawfully requested them. Defendant, however, has not responded lawfully to plaintiff's requests for such documents, and has failed to produce them.

**Plaintiff's FOIA Request**

7. By letter to defendant dated July 7, 2008 (Exhibit A hereto, referred to hereinafter as "plaintiff's FOIA request"), plaintiff requested under FOIA the disclosure of all records in the possession or control of the State Department and dated or created between January 1, 2001 and January 7, 2008, concerning or relating to the agreement between the United States and Mexico which would provide, in some manner, for the payment of U.S. Social Security benefits to Mexican nationals. The specific categories of records requested were the following:

> (1) the current version of the Social Security Totalization Agreement between the United States and the government of Mexico;

4

(2) all records pertaining to the current version of the Social Security Totalization Agreement between the United States and the government of Mexico;

(3) all records pertaining to the status of the Social Security Totalization Agreement, between the United States and the government of Mexico dated June 29, 2004, including, but not limited to, correspondence, e-mail, and notes at any time regarding the status of that agreement;

(4) all amendments to the Social Security Totalization Agreement between the United States and the government of Mexico that was executed by the United State's authorized signatory on June 29, 2004;

(5) all proposed amendments to the Social Security Totalization Agreement between the United States and the government of Mexico that was executed by the United State's authorized signatory on June 29, 2004;

(6) all records pertaining to any amendment to the Social Security Totalization Agreement between the United States and the government of Mexico that was executed by the United State's authorized signatory on June 29, 2004;

(7) all records pertaining to any proposed amendment to the Social Security Totalization Agreement between the United States and the government of Mexico that was executed by the United State's authorized signatory on June 29, 2004;

(8) all records pertaining to the Diplomatic Note (Note No. 1539-2004), a copy of which was furnished to TSCL in connection with the resolution of Civil Action No. 06-1202 referenced above, including, but not limited to, all records pertaining to any response or lack of response to that Diplomatic Note, as well as any subsequent Diplomatic Note, response or agreement;

(9) all records pertaining to the Department of State outgoing telegram on Diplomatic Note No. 1539-2004, a copy of which was furnished to TSCL in connection with the resolution of Civil Action No. 06-1202 referenced above, including, but not limited to, all records pertaining to any response or lack of response to that Department of State outgoing telegram, as well as any subsequent telegram or other communication or response;

(10) all records setting forth, in whole or in part, all budgetary, fiscal, and economic analyses of the anticipated or projected financial impact on (i) the United States, (ii) the Social Security Trust Fund, and/or (iii) American senior citizens which would result from the Social Security Totalization Agreement between the United States and the government of Mexico;

5

(11) if not already provided above in response to the above requests, all records setting forth, in whole or in part, any estimate and/or projection concerning the pay-out to Mexican nationals of Social Security benefits by the United States by virtue of the Social Security Totalization Agreement between the United States and the government of Mexico;

(12) all post-2003 estimates of the number of Mexican nationals who currently live legally in the United States, and of the number of Mexican nationals who live illegally in the United States;

(13) all post-2003 estimates of the number of Mexican nationals who could receive Social Security benefits if the Social Security Totalization Agreement between the United States and the government of Mexico were approved by Congress;

(14) all post-2003 estimates of the number of Mexican nationals who Permanently Reside in the United States Under Color of Law ("PRUCOL" aliens);

(15) all records relating to the applicability of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. section 1601, *et seq*.) to granting Social Security benefits to Mexican nationals;

(16) all records mentioning and/or analyzing either the advantages or the disadvantages, or both, to the United States or any of its citizens expected to result from the Social Security Totalization Agreement between the United States and the government of Mexico ;

(17) all documents records relating to the preparation of the estimates to be submitted to Congress as required by 42 U.S.C. section 433(e)(1);

(18) all records relating to any conversation or correspondence between or among any representatives of the Social Security Administration, regarding the Social Security Totalization Agreement between the United States and the government of Mexico dated June 29, 2004; and

(19) all records relating to any conversation or correspondence between the Social Security Administration and representatives of the U.S. Department of State or other U.S. government agency, regarding the Social Security Totalization Agreement between the United States and the government of Mexico, dated June 29, 2004.

6

8.  Plaintiff's FOIA request also contained a request for a fee waiver and a request for expedited processing.

### Defendant's Constructive Denial of Plaintiff's FOIA Request

9.  By e-mail to plaintiff's counsel on September 17, 2008, defendant acknowledged plaintiff's FOIA request, assigning plaintiff's request Case Number 20084117, and seeking clarification regarding the scope of plaintiff's request. Plaintiff replied to defendant by e-mail on December 4, 2008.

10.  By letter dated  March 25, 2009, more than 250 days after sending its original request, plaintiff sent a follow-up letter to defendant requesting a response to plaintiff's FOIA request.  By letter dated April 17, 2009 (Exhibit B hereto), defendant granted plaintiff's request for a fee waiver, denied plaintiff's request for expedition, and informed plaintiff that defendant would begin the processing of plaintiff's FOIA request.

11.   Still having received no substantive response from defendant, plaintiff inquired again by letter to defendant dated September 10, 2009, noting that plaintiff still had not received a substantive response, then more than 14 months after its FOIA request had been made, and expressing plaintiff's hope that defendant would heed President Obama's January 21, 2009 Memorandum for the Heads of Executive Departments and Agencies, and his directive that FOIA requests be processed with a "presumption in favor of disclosure." Defendant responded in an e-mail on September 28, 2009 (Exhibit C hereto), indicating that a search of one of the record systems had resulted in retrieval of information "that may be responsive" to plaintiff's request, that the searches of other record systems were ongoing, and that no completion date could be estimated.

12. Having received no further response, plaintiff appealed the constructive denial of its FOIA request by letter dated February 17, 2010 (Exhibit D hereto).  By letter dated February 24, 2010 (Exhibit E hereto), defendant advised plaintiff that plaintiff's FOIA request was not subject to an administrative appeal because no specific material had been denied in response to plaintiff's request, but that a FOIA requester would be deemed to have exhausted its administrative remedies if the agency, as here, failed to respond to a FOIA request within 20 days.

13. To date, defendant has not provided a substantive response to plaintiff's request and has not identified or produced a single record in response to plaintiff's FOIA request.

14. Plaintiff has exhausted the applicable administrative remedies.

15. Defendant has wrongfully withheld the requested records from plaintiff.

16. Defendant's failure to timely respond to and grant plaintiff's request violates the FOIA, 5 U.S.C. sections 552(a)(3) and 552(a)(6)(E)(ii), and defendant's own regulations promulgated thereunder, including those set forth at 22 C.F.R. sections 171.12 and 171.15.

17. Plaintiff, having exhausted its administrative remedies, has a right of access to the requested records under 5 U.S.C. § 552(a), and there is no legal basis for defendant's denial of such access.

WHEREFORE, plaintiff prays that this Court:

1. Enter judgment in favor of plaintiff and order the defendant to process plaintiff's request and, upon completion of such processing, to disclose the requested records in their entireties and make copies available to plaintiff;

8

2. Award plaintiff its costs and reasonable attorney fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

3. Grant such other and further relief as the Court may deem just and proper.

_____
WILLIAM J. OLSON
(D.C. Bar No. 233833)

_____
JOHN S. MILES
(D.C. Bar No. 166751)

WILLIAM J. OLSON, P.C.
370 Maple Avenue, West, Suite 4
Vienna, VA 22185-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

Counsel for Plaintiff